UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

No. CR 08-658 PJH

    v.

**FINAL PRETRIAL ORDER**

MILLARD CHAMBERS,

    Defendant.

_____/

This matter came before the court for a pretrial conference on December 1, 2010. At the hearing, the court ruled on several motions in limine and other pretrial issues as stated on the record and summarized below.

**A.  Defendant's Motions in Limine**

    **1.  Documents and Cell Phones Found During Search of Residence**

The court GRANTS Chambers' motion to exclude Exh. H, the American Canyon police report, and Exh. L, the child support statement. However, should the government determine that the documents are needed for rebuttal purposes or on cross-examination of defendant, it may seek leave to introduce them. The court also GRANTS Chambers' motion to exclude Exh. K, the handwritten notes, because they are not sufficiently reliable.

Additionally, the GRANTS Chambers' motion to exclude evidence regarding three prior forfeitures and/or seizures, including Exhs. A-G, as irrelevant and likely to mislead and/or confuse the jury and to result in an undue waste of time under Federal Rules of Evidence ("FRE") 402 and 403. Accordingly, the court DENIES the government's related motion in limine no. 4 to admit the evidence.

The court DENIES Chambers' motion to exclude Exh. J, the speeding tickets linking

him to the SUV registered in his wife's name, and finds that the tickets are relevant under FRE 401 and are not unduly prejudicial under FRE 403.

Regarding the cell phones, the government clarified that it intends to introduce evidence as to the total number of cell phones discovered at the residence, and also to introduce photographs of the phones, including relevant text messages between Chambers and other coconspirators. The court DENIES Chambers' motion to exclude this evidence. However, the government must establish a sufficient nexus between evidence from individual phones that are introduced and the conspiracy. As for the totality of the phones seized, the court finds that this evidence is relevant as an indicia of narcotics trafficking.

**2. Prior Convictions**

The court DENIES Chambers' motion to exclude his prior conviction for the unauthorized use of another person's identifying information for an unlawful purpose under California Penal Code § 530.5(A), and finds that the conviction is admissible for impeachment purposes under FRE 609(a)(2) because it is an admission of an act of dishonesty or false statement.

Having balanced the probative value of the three prior drug convictions against their prejudicial impact for purposes of Rule 609(a)(1), the court finds that the majority of factors favor exclusion of the prior drug convictions and GRANTS Chambers' motion to exclude these convictions. *See United States v. Alexander*, 48 F.3d 1477, 1487-88 (9th Cir. 1995).

**3. Cross-Examination of Fainelli**

The court GRANTS Chambers' motion to cross-examine Fainelli re: the conduct underlying the crime charged in Florida state court. However, Chambers is not allowed to cross-examine Fainelli re: the charge or complaint itself under FRE 609. Nor is Chambers allowed to introduce the complaint or any extrinsic evidence of the charge under FRE 608(b).

**4. Undisclosed 404(b) Evidence**

The court DENIES this motion as moot.

### 5. Transcripts of Recordings

The court DENIES Chambers' motion to prohibit the government from displaying transcripts of the original recordings at the time it plays the recordings for the jury. *See United States v. Turner*, 528 F.3d 143, 167 (9th Cir. 1975).

### 6. Bifurcation

Chambers withdrew this motion at the pretrial hearing.

### 7. Undisclosed Evidence Under Federal Rule of Criminal Procedure 16

The court DENIES this motion as moot.

### 8. Omnibus Motion Pursuant to FRE 615

The court GRANTS Chambers' requests to: (1) exclude government witnesses from the courtroom; (2) exclude non-exempt witnesses during motion hearings, opening statements and closing arguments; and to (3) allow only exempt witnesses in the courtroom. The court further notes that the same rules will apply to defense witnesses.

The court DENIES' Chambers' requests: (4) to preclude the government from designating more than one case agent as its "representative;" (5) to require any exempt case agents to testify before non-exempt government witnesses or not at all; and (6) that the court require the government to direct the witnesses not to read trial transcripts or discuss the case or their testimony with anyone other than counsel.

## B. Government's Motions in Limine

### 1. Fainelli's Statement to Agents

The court DENIES the government's motion to introduce the statement, and concludes that the statement is hearsay because the government seeks to introduce the statement for the truth of the matter. If that was not the case, then the statement would be irrelevant.

### 2. References to Punishment

The court GRANTS the government's motion to exclude any reference to punishment.

### 3. Criminal Complaint re: Fainelli

For the reasons set forth above re: Chambers' motion in limine no. 3, the court GRANTS the government's motion to preclude Chambers from introducing the complaint.

### 4. Other Seizures/Forfeitures

For the reasons set forth above re: Chambers' motion in limine no. 1, the court DENIES the government's related motion.

### 5. Reciprocal Discovery

The court DENIES the government's motion as moot.

## B. Jury Instructions

### 1. Forfeiture Instructions

Pursuant to Federal Rule of Criminal Procedure 32.2(b), in the event of a guilty verdict, Chambers elects to have the jury decide whether there is a sufficient nexus between the offense(s) and the specific property for which forfeiture is sought.

The court will give the six joint forfeiture instructions, but rejects without prejudice the additional six forfeiture instructions proffered by the government. The government may renew its request for the instructions if it becomes clear that they are necessary after trial.

### 2. Other Instructions

The government is further ORDERED to provide the court with an additional blind set of the model instructions as stated on the record. As for the special instructions, the government is ORDERED to re-do instruction no. 10 per the discussion on the record. The court agrees to hold in abeyance a ruling re: Model Instruction No. 4.10 until the end of trial.

The court declines to give Chambers' proffered reasonable doubt instruction, and will instruct the jury pursuant to the relevant model instruction.

**IT IS SO ORDERED.**

Dated: December 2, 2010

PHYLLIS J. HAMILTON
United States District Judge